# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4553 | **DATE** | 10/22/2001 |
| **CASE TITLE** | HESTER M. LUCKETT, et al vs. ALPHA CONSTRUCTION & DEVELOPMENT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant Decision One's motion to dismiss is granted in part and denied in part. The IRLA claim is dismissed with prejudice, and the ICFA claim is dismissed without prejudice. Defendant Gateway's motion to dismiss is granted with prejudice. Defendant Midwest's motion to dismiss is granted in part and denied in part. The IRLA claim against Midwest is dismissed with prejudice. The breach of fiduciary duty claim against Midwest is not dismissed. Responsive pleading to be filed by 11/12/01. Status hearing held and continued to 11/21/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 24 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 OCT 23 PM 0:19 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


DOCKETED
OCT 2 4 2001

HESTER M. LUCKETT and )
RUTHIE A. LUCKETT, )
)
Plaintiffs, )
)
) No. 00 C 4553
v. )
) Judge John W. Darrah
)
ALPHA CONSTRUCTION & DEVELOPMENT, )
INC., DECISION ONE MORTGAGE, COMPANY, )
GATEWAY FINANCIAL CORPORATION, and )
MIDWEST LAND TITLE COMPANY, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Hester and Ruthie Luckett (collectively the Lucketts), filed a multi-count action against defendants, Alpha Construction & Development (Alpha), Decision One Mortgage Company (Decision One), Gateway Financial Corporation (Gateway), and Midwest Land Title Company (Midwest). Count I alleges that Alpha violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; Count II alleges a breach of contract claim against Alpha and Decision One; Count III alleges a common law fraud claim against Alpha; Count IV alleges Alpha and Decision One violated the Illinois Consumer Fraud Act (ICFA), 815 ILCS § 505/1 *et seq.*; Count V alleges that Decision One, Gateway, and Midwest violated the Illinois Residential Loan Act (IRLA), 815 ILCS 135/1 *et seq.*; and Count VI alleges breach of fiduciary duty by Midwest. Before the Court are Decision One's, Gateway's, and Midwest's motions to dismiss.

In ruling on a motion to dismiss, the court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiff. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Federal notice pleading requires that a plaintiff "set out in [the]

complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999) (*Scott*).

In 1999, Alpha solicited the Lucketts at their home to do home repair and remodeling work. In September 1999, Carl Hansberry (Hansberry), an Alpha salesman, told the Lucketts that Alpha would build a garage and put gutters on their home for $8,000. Hansberry prepared a Retail Installment Contract purporting to set out the financing terms.

Subsequently, Alpha contacted Gateway for the purpose of brokering a mortgage loan. Gateway contacted Decision One for the purpose of securing mortgage loan funding. The mortgage loan was approved for a total of $76,050, which included the $8,000 for the construction work by Alpha and the payment of several other of plaintiffs' debts. A loan closing was scheduled for early October 1999.

Approximately one week before the scheduled closing date, Mark Mueller (Mueller), a Decision One employee, visited the Lucketts at their home. During the visit, Mueller informed the Lucketts that checks would be prepared for them to use to pay off certain existing creditors and to pay Alpha for the garage and gutter work. During the visit, Hester Luckett asked Mueller what would be done with the money to pay for the construction work. Mueller told the Lucketts that some funds would be disbursed from the closing to Alpha for the purchase of materials, and the remaining money would be put in a trust fund until Alpha completed the work and the Lucketts had signed a release indicating the work had been satisfactorily completed.

The closing on the mortgage loan took place in October 1999. Decision One was the lender, Gateway was the broker, and Midwest was the settlement agent for the Lucketts' loan. Of the $76,050 loan, $8,000 was to be disbursed to Alpha. The settlement statement indicated that $8,000

2

was disbursed to "Hester Luckett and Alpha Const". At the closing, a check for $8,000, payable to Hester Luckett and Alpha, was prepared by Midwest. The check was directly or indirectly transferred to Alpha by Decision One, Gateway, and/or Midwest. Hester Luckett never endorsed the check. Alpha deposited the check into its bank account. However, Alpha never started the contracted work and, as of the date of the complaint, the work had not been done. Alpha has ignored the Lucketts' demands that either the work be done or to repay the amount of the check plus interest.

Decision One, Gateway, and Midwest (collectively Loan Defendants) argue that the Lucketts' IRLA claims should be dismissed because there is no private right of action under the IRLA. It is undisputed that the IRLA does not expressly state a private right of action. Therefore, the Lucketts can state a claim only if a private right of action can be implied.

No Illinois court has addressed the issue whether a private right of action exists under the IRLA. In *CSY Liquidating Corp. v. Harris Trust & Savings Bank*, 162 F.3d 929, 931 (7th Cir. 1998) (*CSY*), the Seventh Circuit found that the Banking Act, 205 ILCS 5/48 *et seq.*, did not create a private right to damages for a violation of the privacy section of the act. Citing to *Stern v. Great Western Bank*, 959 F.Supp. 478 (N.D.Ill. 1997) (*Stern*), the court concluded that "the Illinois courts would not construe the Act to imply" a private right of action. *CSY*, 162 F.3d at 931.

In *Stern*, the Northern District Court held that the Illinois Consumer Financial Records Act (CFRA), 205 ILCS 5/48.1 *et seq.*, did not imply a private right of action. Applying a four-part test created by the Illinois Supreme Court, the *Stern* court found that the plaintiff could not show that a private right of action was consistent with the underlying purpose of the statute and that a private right of action was not necessary to effectuate the purpose of the act. *Stern*, 959 F.Supp. at 484-85. The remedy of the CFRA at issue in *Stern* stated that a person who violates 205 ILCS 5/48.1 "is

3

guilty of a business offense and, upon conviction, shall be fined not more than $1,000."

Applying the same four-part test, another Northern District Court found that an implied cause of action for a violation of the Illinois Adoption Act's disclosure provisions, 750 ILCS 50/18.5, was not created because the plaintiff's had an adequate remedy for statutory violations through their negligence claim. *Dahlin v. Evangelical Child & Family Agency*, 2001 WL 840347 (N.D.Ill. July 24, 2001) (*Dahlin*).

A private right of action will be implied into a statute if: (1) the plaintiff is a member of the class of persons for whose benefit the statute was enacted; (2) plaintiff's injury is one which the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) a private right of action is necessary to effectuate the purpose of the act, i.e., to provide an adequate remedy for violations of the statute. *Fisher v. Lexington Health Care, Inc.*, 188 Ill.2d 455, 460 (1999). "The court's focus must be primarily on the intent of the legislature." *Stern*, 959 F.Supp. at 484.

Here, the parties do not dispute that the Lucketts are members of the class of persons who suffered the type of harm envisioned by the statute. The Loan Defendants argue that the third and fourth elements are not met.

In their response to the Loan Defendants' motions, the Lucketts fail to identify the underlying purpose of the statute. The Lucketts also fail to provide any authority that the Illinois legislature intended customers to be compensated for their injuries under the IRLA. The IRLA provides that: "A person or corporation <u>convicted</u> of any violation of this Act ... shall be <u>guilty</u> of a business offense and shall be fined not to exceed $1,000. Any person violating Section 3.1 ... is <u>guilty</u> of a Class A misdemeanor." 815 ILCS 135/6 (emphasis added.) This language demonstrates that the

legislature intended to leave the compensation of those persons who suffered any injury because of conduct otherwise violative of the IRLA to the remedies available under common law. The language of the statute, and the lack of any evidence indicating otherwise, demonstrates that the legislative intent is set out in the plain meaning of the enforcement clause of the statute. *See Stern*, 959 F.Supp. at 484-84) (finding plaintiff did not meet third element because plaintiffs failed to present evidence supporting that a private right of action was consistent with the underlying purposes of the statute, and the language of the CFRA [almost identical remedy language as found in this case] did not support such a finding). Accordingly, the Lucketts have failed to establish the third element.

Assuming arguemendo, that the Lucketts did satisfy the third element, their claim still fails to satisfy the fourth element. As stated above, the IRLA provides a criminal enforcement provision pursuant to which a person or corporation who fails to comply with the IRLA is guilty of a business offense, subject to a fine of up to $1,000, and may be guilty of a Class A misdemeanor. "A criminal penalty that is written into a statute weighs against the necessity of implying a private right of action to effectuate the purposes of the act...." *Stern*, 959 F.SUPP. at 485 (citations omitted). However, if the penalties are so minor that they provide no incentive for compliance, a private right of action may be necessary. *Moore v. Lumpkin*, 258 Ill. App. 3d 980, 996 (1994).

The penalties of a misdemeanor conviction and possible fine of $1,000 have not been shown to be so minor so as to provide no incentive for performance. Therefore, a private right of action is not necessary to effectuate the purpose of the IRLA. *See Stern*, 959 F.SUPP. at 485; *Dahlin*, 2001 WL 840347 at * 2. Accordingly, Count V of the Second Amended Complaint is dismissed with prejudice.

Decision One also seeks to dismiss the Lucketts' breach of contract claim. To state a claim

5

for breach of contract, the Lucketts must allege the existence of a contract, that the Lucketts performed their contractual obligations, that Decision One breached the contract, and that the Lucketts suffered damages. *Petri v. Gatlin*, 997 F.Supp. 956, 963-64 (N.D.Ill. 1997) (*Petri*); *Barille v. Sears Roebuck & Co.*, 682 N.E.2d 118, 121 (Ill. 1997).

Count II of Lucketts' Second Amended Complaint alleges that: "Decision One breached its contractual obligations by failing to hold the $8,000 check until the Lucketts had agreed to release the funds to Alpha."

Decision One seeks dismissal, arguing that the amended complaint fails to meaningfully allege the required elements for a breach of contract claim. It argues that, assuming that the Lucketts are alleging the existence of an oral trust, the claim should be stricken because it fails to allege delivery of the trust property to the putative trustee. Furthermore, if the Lucketts are alleging an oral agreement to create a trust in the future, the claim must be stricken because such action is not recognized and is barred by the Statute of Frauds. Decision One further argues that the Lucketts fail to claim that Decision One caused harm to the Lucketts because it only followed the Lucketts' instructions in disbursing the $8,000 jointly to Hester Luckett and Alpha.

In their response, the Lucketts argue that Decision One's promise to hold the check until the plaintiffs had signed a release constitutes an offer, which the plaintiffs accepted by closing on the loan. Furthermore, the closing constituted the consideration and the required performance by the Lucketts.

A review of the amended complaint demonstrates that the amended complaint sufficiently pleads a breach of contract claim. The amended complaint adequately puts Decision One on fair notice of the basis of the claim against it -- a breach of contract. *See Scott*, 195 F.3d at 951. While

the complaint may not specify a specific type of contract, such is not required at this stage of litigation. Furthermore, while Decision One may have certain defenses, depending on the type of contract that forms the basis of the Lucketts' claim – *i.e.*, oral agreements to create a trust in the future are not recognized and barred by the Statute of Frauds and whether the writings mentioned above are sufficient to prevent application of the doctrine -- the merits of these defenses are not properly determined at this stage of litigation. Accordingly, the breach of contract claim against Decision One is not dismissed.

Decision One also argues that the Lucketts' ICFA claim should be dismissed because it fails to state a claim.

To state a claim under the ICFA, the Lucketts must plead: (1) a practice or act by Decision One, (2) an intent on Decision One's part that the Lucketts' rely on the deception, and (3) that the deception occurred in the course of conduct involving trade or commerce. *Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 501 (1996). The Lucketts must also plead that the consumer fraud proximately caused their injury. *Nilsson v. NBD Bank of Illinois*, 313 Ill. App. 3d 751, 764 (2000) (*Nilsson*). Furthermore, a deceptive act or practice under the ICFA must involve "more than the mere fact that a defendant promised something and then failed to do it. That type of 'misrepresentation' occurs every time a defendant breaches a contract." *Zankle v. Queen Anne Landscaping*, 311 Ill. App. 308, 312 (2000) (*Zankle*).

In the instant case, the Lucketts pled that they are consumers and that the actions of Decision One were false and deceptive and were made with the intent that the Lucketts rely on such representations. The Lucketts argue that Decision One engaged in a false and deceptive practice because it made an express false promise to hold some of the money that was to pay for garage and

gutter work in trust until Alpha completed the work to the Lucketts' satisfaction.

As discussed above, the basis of the Lucketts' ICFA claim is that Decision One promised to hold money in a trust and then failed to do so. Such an allegation does not support an ICFA claim because it merely alleges that Decision One promised to do something in the future and then failed to do it. *See Zankle*, 311 Ill. App. 3d at 312-13 (evidence that landscaper falsely stated that the project would be finished by a certain date, that they would fertilize the lawn twice, and that they would install the lawn 'in a workmanlike manner' did not constitute consumer fraud or deception under the ICFA); *see also Nilsson*, 313 Ill. App. 3d at 765 (ICFA does not apply to simple breach of contract claims); *First Comics, Inc. v. World Color Press, Inc.*, 884 F.2d 1033, 1039 (7th Cir. 1989) (ICFA requires a showing of consumer injury because without such a limitation the ICFA "would not simply be extremely far-reaching but would likely supplant many common law breach of contract and fraud cases..."); *Stauffer v. Westmoreland Obstetric & Gynecologic Assoc.*, 2001 WL 585510 (finding defendant's promise to pay one amount and subsequently paying a different amount sounded in breach of contract and not in fraud). Accordingly, the ICFA claim against Decision One is dismissed without prejudice.

Lastly, Midwest argues that the Lucketts' breach of fiduciary claim should be dismissed because they fail to state a claim.

To state a cause of action for breach of a fiduciary duty in Illinois, the Lucketts must plead: (1) the existence of a fiduciary duty, (2) a breach of that duty, and (3) an injury resulting from the breach. *Petri*, 997 F.SUPP. at 977.

Count VI alleges that Midwest acted as an escrow agent for the Lucketts' loan proceeds and that as an escrow agent, Midwest owed a fiduciary duty to the Lucketts. Midwest breached its

8

fiduciary duty by wrongfully permitting the funds to be disbursed to Alpha.

Midwest argues that the Lucketts failed to adequately plead a fiduciary relationship between it and the Lucketts. However, the above demonstrates that the Lucketts allege a fiduciary relationship based on Midwest's role as an escrow agent for their loan. Midwest also argues that there is no evidence that Midwest distributed any funds to Alpha. The amended complaint does allege that a check for $8,000 was transferred to Alpha by Decision One, Gateway, and/or Midwest. At this stage of litigation, the Lucketts need not provide evidence that Midwest distributed the funds; the allegations in the complaint are taken as true. Accordingly, Count VI is not dismissed.

For the reasons stated above, Decision One's Motion to Dismiss is granted in part and denied in part. The IRLA claim is dismissed with prejudice, and the ICFA claim is dismissed without prejudice. Gateway's Motion to Dismiss is granted with prejudice. Midwest's Motion to Dismiss is granted in part and denied in part. The IRLA claim against Midwest is dismissed with prejudice. The breach of fiduciary duty claim against Midwest is not dismissed.

Dated: October 22, 2001

JOHN W. DARRAH
United States District Judge